## HENRY BRACHMANN *v.* ADOLPH LOUIS.

When two chattel mortgages on the same property, of different dates, are filed with the county recorder, but after the expiration of a year from their dates of execution, the junior mortgagee, whose mortgage was also

filed after the other, first gets possession of the property by a writ of replevin: both being executed in good faith, and neither mortgagee having notice of the claims of the other: *Held,* that the junior mortgagee is entitled to the possession as against the prior mortgagee.

GENERAL TERM.—Proceeding in error to reverse a judgment of Storer, J., rendered at the November special term, A. D. 1856, in favor of the defendant in error.

The facts sufficiently appear in the decision.

*Corwine, Hayes & Rogers,* for plaintiff in error.

*Joseph Abraham,* for defendant in error.

SPENCER, J., delivered the opinion of the court.

The facts, as disclosed in the bill of exceptions, upon which arises the question of law now to be decided, are these:

On the 7th of April, 1854, Charles F. Schmidt and David Griffin, jr., proprietors of the German Republican printing office, in Cincinnati, and residents thereof, executed a mortgage in favor of Brachmann, upon all the materials in, and belonging to, said office, to secure him in the sum of $4,000, money loaned by him to them, and in such further advances of money as he might make to them. The mortgage contained a clause allowing the mortgagors to keep possession of the property until default, and consequently the mortgagors did retain such possession, and so continued in possession until the present action was brought. Brachmann neglected to file his mortgage, or a copy of it, with the recorder of the county, for a period of more than two years, say until the 30th day of July, 1856, on which day he did file a copy of it with the recorder, at a little before 7 o'clock in the morning. One year after the date of this mortgage, Schmidt, then sole owner of the property, executed a mortgage of it in favor of the plaintiff below, Adolph Louis, to secure him in the payment of $2,500, money loaned and payable in three years from date, as also such further

advances as might be made. This mortgage also contained a clause permitting Schmidt to keep possession of the property until default, or until some adversary right should intervene. In pursuance of this agreement, Schmidt retained possession of the property until the present suit was brought. This mortgage was not filed for record until more than a year had elapsed. In fact it was filed on the same day that the other was, and about three-quarters of an hour afterward. That at the time of taking this mortgage, Louis had no knowledge of the existence of Brachmann's mortgage, nor does it appear that he ever had any such knowledge until they were both filed with the recorder. On the same day the plaintiff below brought his action against Schmidt, to recover possession of the property from him, and it was accordingly replevied and put into the possession of the plaintiff. In September or October following, Brachmann, at his own instance, was made a party defendant, and filed his answer, setting up his lien upon the property and demanding a judgment against the plaintiff for its recovery and damages for its detention. It appears further, that at the time of bringing the action there was due the plaintiff, on his mortgage, the sum of $4,100, and to Brachmann, on his mortgage, the sum of $4,000. The court found that the plaintiff was entitled to the possession of the property as against Schmidt, and that Brachmann had no valid claim, under his mortgage, to recover it back from plaintiff, nor the value of it, in money, which was found to be $2,000. Brachmann seeks to reverse this finding of the court, upon the ground that it was contrary to the law of the case.

So far as the respective mortgages are concerned, there is no reason to doubt that they were received in good faith by both of the mortgagees, and that each was ignorant of the existence of the other's mortgage; and if it were a mere question of *bona fides*, or of fraud in fact, we should have to decide in favor of Brachmann, for the simple reason that his was the elder title.

The only question, then, to be decided, arises upon the

proper construction of the statute requiring mortgages of personal property to be deposited with the township clerk or county recorder. . Sections 1, 2, and 7 of the act declare that " every mortgage, etc., of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited with the clerk of the township, or the county recorder when his office is therein, in which the mortgagor shall reside, or, if not a resident of the State, where the property may be situate." And section 4 of the act declares that " every mortgage so filed shall be void, as against creditors, or subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid, claimed by virtue of such mortgage, shall be again filed in the office of the clerk or recorder where the mortgagor shall then reside, or, if he be a non-resident, where the property may be then situate." 2 Curwen, 1240.

In the interpretation of these provisions we can derive no aid from the construction heretofore given to the statute providing for the recording of mortgages of real property. For that statute expressly provides, that such mortgages shall take effect and have preference from the time the same are delivered to the recorder for record. · Hence, such mortgages have been held of no effect whatever, as to third persons, until left for record, and that too, without regard to notice. Not so with regard to the provisions of the statute under consideration. They do not declare the time when a mortgage of chattels shall take effect, other than the time of its delivery. But to give the party the benefit

of this, they require him, forthwith, to make a deposit of his mortgage with the proper officer, under the penalty of its being declared fraudulent and void, as against creditors and subsequent incumbrances in good faith, in the determining of which latter element the matter of notice may become a very material inquiry. If these provisions of law are not complied with by the mortgagee, his mortgage is declared absolutely void as against creditors and subsequent purchasers, etc.

In the present case, it is not denied that at the time it was executed, the mortgage of the plaintiff was *bona fide*. That of Brachmann was precisely one year old. It had not been filed with the recorder, nor had possession been taken by Brachmann of the property mortgaged. By the terms of the law, the mortgage had become void as to the plaintiff, whether the plaintiff be treated as an incumbrancer, *bona fide*, or as a creditor merely, without special interest in the property. If void, then, it must ever after continue so, unless the plaintiff, by some act of his, should forfeit or waive the benefits secured to him.

It is claimed, however, on the part of Brachmann, that the plaintiff has thus waived or forfeited the protection of the statute, by failing, himself, to comply with its provisions, and therefore become obnoxious to the penalty of having his own mortgage declared void, as against Brachmann himself, he being still a creditor of Schmidt's. Conceding this to be true, we can not perceive how it can have the effect of reviving Brachmann's mortgage. The most that could be said would be, that as to each other, both being creditors, the mortgages of both would be invalid, and the parties would be remitted to their general rights as creditors at large, neither having a specific lien upon the property to the prejudice of the other. And in such case, the right of the most vigilant should prevail. That is, he who first gets possession or dominion of the property, must hold it—which is precisely the plaintiff's position, he having obtained possession by his writ of replevin.

But it is further claimed on the part of Brachmann, that, inasmuch as the plaintiff's mortgage had become void as against Brachmann, as a creditor, and could not therefore stand in the way of Brachmann's mortgage, and as Brachmann's mortgage, not filed with the recorder, was only void as against the plaintiff's debt, Brachmann, by causing his mortgage to be first filed, had thereby gained a priority over the plaintiff's debt, according to the decision in 20 Ohio, 161, *Wilson* v. *Leslie.* If this position be well taken, it proves too much; for, by the same process of reasoning, the plaintiff's mortgage was only void as against Brachmann's debt, and when he procured it to be filed with the recorder, it superseded Brachmann's claim as a general creditor, and so had full effect as a mortgage. But the case of *Wilson* v. *Leslie* does not warrant the interpretation put upon it. It holds, simply, that the phrase "shall be deposited forthwith" does not mean, literally, at once, but must have a liberal interpretation. It may be several days, or even weeks, without the mortgagee' incurring any other peril than that of having a judgment creditor seize the property on execution, or a subsequent incumbrance intervene. But as to a general creditor, who is himself not vigilant, the delay of the mortgagee will not prejudice his right unless it is so great as to taint the transaction with fraud. A delay of two years, on the part of Brachmann, to file his mortgage, was well calculated to render the plaintiff easy with regard to his, and throw him off his guard; and there is certainly no reason which will apply to defeat the plaintiff's lien, that will not apply with much greater force to defeat Brachmann's.

We are all of opinion that the judgment at special term was right, and should be affirmed.

Judgment affirmed.